J-A33027-16

2017 PA Super 60

IN THE INTEREST OF: N.B., A MINOR : IN THE SUPERIOR COURT OF
                                  :        PENNSYLVANIA
                                  :
APPEAL OF: COMMONWEALTH OF        :
PENNSYLVANIA                      :
                                  :        No. 527 WDA 2016

Appeal from the Order Dated March 11, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-JV-0000063-2015

BEFORE: LAZARUS, SOLANO, and STRASSBURGER, JJ.[*]

DISSENTING OPINION BY SOLANO, J.:    **FILED MARCH 08, 2017**

The Majority's opinion omits facts that I consider critical and that compel affirmance.  Appellee's mother brought **both** Appellee (N.B.) **and** his twin brother (D.B.) to the police station to be interviewed about their joint alleged sexual misconduct.  Both juveniles made inculpatory statements during their separate police interviews and both juveniles later moved to suppress those statements.  Judge Hauser heard both motions, and, after separate hearings, he granted N.B.'s motion, but **denied** the motion made by D.B.  He did so, he explained, because N.B.'s testimony during the suppression hearing convinced him that, unlike D.B., "[N.B.] did not intelligently, voluntarily, and knowingly give his statements" to the police. Tr. Ct. Rule 1925(a) Op., 7/1/16, at 3 (hereinafter, "Rule 1925(a) Op."; page numbering added here and in subsequent citations).

Judge Hauser explained:

The Court found great distinctions between [N.B.]'s case and his twin's case on the issues of the statements being intelligent and

---

[*] Retired Senior Judge assigned to the Superior Court.

knowing. The Court gave special consideration to [N.B.]'s own testimony. There were several rounds of questioning of [N.B.], including inquiry by the Court, that convinced the Court that [N.B.] truly did not understand the consequences of his inculpatory statements and that he was compelled to testify by his mother. For example, [N.B.] testified that although he watched television shows like *"Cops"* he did not understand or attach any significance to the **Miranda** warnings regularly given to the suspects arrested on camera. [N.B.] also testified that he was specifically participating in the interview because he believed he was under compulsion to do so by his mother, and that he did not understand himself to be in a position to refuse the officer's questioning.

Rule 1925(a) Op. at 3-4. Judge Hauser stated that he "afforded great weight to the testimony of [N.B.]." *Id.* at 4. He then elaborated: "The Court can only rely on the facts that were developed as counsel sought to develop them at the hearing, and at [N.B.]'s hearing there was examination to great length and detail that assessed [N.B.]'s ability to understand his situation. The Court strongly considered [N.B.]'s testimony." *Id.*

The Majority reverses Judge Hauser's suppression order because, it says, the fact that "Mother brought Appellee to the police station and advised him to tell the truth . . . cannot be reasonably interpreted to rise to the level of coercion such that suppression is warranted." Maj. Slip Op. at 7. That may be true, but it is not what Judge Hauser held. If Judge Hauser had concluded that N.B.'s statement had to be suppressed merely because his mother brought him to the police station, Judge Hauser would have also suppressed D.B.'s statement, since the mother brought both of her sons to the station together.

Judge Hauser suppressed N.B.'s statement because, after being brought to the police station by his mother, N.B. believed that he was required to participate in the police interview and, despite receiving warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), did not understand that he had a right to decline. Summarizing Judge Hauser's initial opinion, dated March 11, 2016, the Majority says that Judge Hauser "determined that Appellee's statements should be suppressed because Appellee 'participated in the interview under compulsion of a parent[; therefore], the disclosures made were not voluntary.'" *Id.* at 6, quoting excerpts from Tr. Ct. Op., 3/11/16, at 5 (page numbering added; hereinafter "Mar. 11 Op."). But that is not a fair summary of Judge Hauser's reasoning. Judge Hauser's full paragraph reads:

> However, [N.B.] testified that he was specifically participating in the interview because he believed he was under compulsion to do so by his mother, and that he did not understand himself to be in a position to refuse the officer's questioning. Because the Court finds that [N.B.] participated in the interview under compulsion of a parent, the disclosures made were not voluntary.

Mar. 11 Op. at 5. Judge Hauser thus based his suppression order on his finding that N.B. "believed" he **had** to speak to the police and understood that he **could not** refuse — an understanding that, of course, is contrary to N.B.'s rights under *Miranda* and its progeny. That N.B.'s mistaken belief was influenced by his mother's parental oversight does not make his

- 3 -

misunderstanding of his constitutional rights any less true. Nor does it make his statements any more "intelligent," "voluntary," or "knowing."

The basis for Judge Hauser's decision is clear when read in the context of the remainder of his opinion. Judge Hauser applied the totality-of-the-circumstances regimen mandated by **Commonwealth v. Williams**, 475 A.2d 1283, 1288 (Pa. 1984), and explained: "the Court did assess the totality of the circumstances and painstakingly reviewed all of the details surrounding the interview room and the conduct of Officer Caskey." Rule 1925(a) Op. at 4. He rendered his decision after finding that N.B. "experiences some developmental delays due to a premature birth," although "he appeared to be of basic intelligence," Mar. 11 Op. at 1, 4; and after reviewing N.B.'s testimony that "he had no appreciation of his rights," "was acting under his mother's direction and instruction," and, although he was familiar with the words of the **Miranda** warnings, "he never attached any significance to those words and did not believe them to hold any special meaning." **Id.** at 2.

Most important, Judge Hauser carefully evaluated the credibility of the witnesses and based his decision on their testimony. Although he found the mother's testimony "less credible in the Court's eyes because of her previous and somewhat inconsistent testimony," he considered "most strongly" N.B.'s "own testimony," reiterating: "The Court found this factor to be one that skewed the totality of the circumstances in favor of suppression." Rule

1925(a) Op. at 4-5.  This Court is bound by Judge Hauser's credibility determinations.  ***In re L.J.***, 79 A.3d 1073, 1080 n.6 & 1085 (Pa. 2013).  We also are bound by his factual determinations, where, as here, they are supported by the record.  ***Id.***; ***In re T.B.***, 11 A.3d 500, 505 (Pa. Super. 2010), ***appeal denied***, 24 A.3d 864 (Pa. 2011); ***In re B.T.***, 82 A.3d 431, 435 (Pa. Super. 2013) (reversing denial of motion to suppress juvenile's confession). We have no license to overturn Judge Hauser's appraisal of the facts.

Judge Hauser correctly based his decision on a careful and conscientious **factual** assessment of N.B.'s lack of understanding of his ***Miranda*** rights.  The Majority's assertion that Judge Hauser instead made an erroneous **legal** ruling that suppressed the statements merely because of non-governmental parental duress is belied by the record, by Judge Hauser's refusal to suppress the statements by D.B., and by Judge Hauser's own explanation of what he actually decided.  Because we are required to defer to Judge Hauser's findings, and because his conclusions of law based on those findings are sound, I respectfully dissent.